CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 1 9 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MICHAEL D. DAROCHA,                )
                                   )
        Plaintiff,                 )        Civil Action No. 7:10CV00367
                                   )
v.                                 )        **MEMORANDUM OPINION**
                                   )
FIRST CITIZENS BANK,               )        By: Hon. Glen E. Conrad
                                   )        Chief United States District Judge
        Defendant.                 )

The plaintiff, Michael D. Darocha, proceeding pro se, filed this action against the

defendant, First Citizens Bank, on August 17, 2010. The court granted the plaintiff's

contemporaneously filed motion to proceed in forma pauperis, pursuant to 28 U.S.C. §

1915(a)(1). After reviewing the complaint filed in this matter, however, the court believes that

the action must be dismissed for lack of subject matter jurisdiction, pursuant to 28 U.S.C. §

1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.

### Background

The plaintiff's complaint states, in its entirety, as follows:

> I am a disadvantaged, disabled person. First Citizens Bank is trying to
> damage my credit after I sued them in your court. The suit should still be
> on the record in your court. Please look into the matter.

On a civil cover sheet accompanying the complaint, the plaintiff describes the cause of action as

one for "defamation of character - financial" for which he seeks $8,500.00 in damages.

### Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a

mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-657 (4th Cir.

2006). Specifically, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).

Additionally, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Engineering, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

## Discussion

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, a case can be originally filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

Having reviewed the plaintiff's complaint, the court is constrained to conclude that it must be dismissed for lack of subject matter jurisdiction. The plaintiff has failed to allege any violation of federal law which might support the exercise of jurisdiction under 28 U.S.C. § 1331, and the court is unable to make any inference as to a possible violation of federal law based upon the sparse allegations contained in the complaint. See 28 U.S.C. § 1331 (limiting jurisdiction to claims "arising under the Constitution, laws or treaties of the United States"). Furthermore, the plaintiff's complaint fails to invoke the court's diversity jurisdiction under 28 U.S.C. § 1332,

since it does not satisfy the threshold amount in controversy requirement. <u>See</u> 28 U.S.C. §

1332(a) (providing that the matter in controversy must exceed the sum or value of $75,000).

## **<u>Conclusion</u>**

For the foregoing reasons, the court concludes that the instant action must be dismissed

for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3)

of the Federal Rules of Civil Procedure. Such dismissal shall be without prejudice.

The Clerk is directed to send a certified copy of this memorandum opinion and the

accompanying order to the plaintiff.

ENTER:        This __18th__ day of August, 2010.

_____
Chief United States District Judge